IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Case No. 19-cv-03395-PAB

ALEXANDER TORRES ORELLANA,

    Petitioner,

v.

JOHN CHOATE, Warden, The GEO Group, Aurora Immigration and Customs Enforcement Processing Center,
JEFFREY LYNCH, Field Director, Immigration and Customs Enforcement,
MATTHEW T. ALBENCE, Acting Director for Immigration and Customs Enforcement,
CHAD WOLF, Acting Secretary of the Department of Homeland Security, and
WILLIAM BARR, Attorney General, United States of America,

    Respondents.

_____

**ORDER**
_____

This matter is before the Court on petitioner's Motion for Temporary Restraining Order, Preliminary Injunction, and Order to Show Cause [Docket No. 2], filed pursuant to petitioner's Petition for Writ of Habeas Corpus and Declaratory and Injunctive Relief [Docket No. 1]. The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 2241. Petitioner asks the Court to order respondents to provide petitioner with an individualized bond hearing. Docket No. 2 at 12. This matter arises from Immigration and Custom Enforcement ("ICE") detaining petitioner, a citizen of Honduras, since September 30, 2019. Docket No. 1 at 2, ¶ 1.

**I. BACKGROUND**

Petitioner first entered the United States in March 2001. Prelim. Injunc. Hrg., Jan. 9, 2020, Petitioner Exh. 1 (stipulated facts) at 1, ¶¶ 1-2. Petitioner was ordered

removed in absentia on December 2, 2005.  *Id.*, ¶ 3.  In December 2010, after petitioner was "encountered" by ICE, ICE removed petitioner to Honduras.  *Id.* at 2, ¶¶ 4-5.  Without legal authorization, petitioner returned to the United States in April 2011.  *Id.*, ¶ 6.  ICE "encountered and detained" petitioner on September 30, 2019.  *Id.*, ¶ 7.  That same day, ICE issued a Notice of Intent to Reinstate, and did reinstate, the 2005 removal order.  *Id.*, ¶¶ 8-9.  Petitioner expressed a fear of returning to Honduras and, on October 10, 2019, U.S. Citizenship and Immigration Services ("USCIS") found that petitioner had established a reasonable fear of torture.  *Id.*, ¶¶ 10-11.  Petitioner's case was referred to an immigration judge at the Aurora Immigration Court in Colorado to determine whether petitioner "can meet the requirements for withholding of removal to Honduras," *id.*, ¶ 12, a so-called "withholding of removal-only" ("WOR-only") proceeding.  Docket No. 2 at 2.  Petitioner is currently being held at a detention facility in Aurora, Colorado.  Docket No. 1 at 3, ¶ 7.  Petitioner's WOR-only hearing is scheduled for February 5, 2020, although petitioner has requested a sixty to ninety day continuance to "allow for testimony by an expert witness."  Exh. 1 at 2, ¶¶ 13, 15.  On January 9, 2020, the Court held a preliminary injunction hearing in this case.  Docket No. 17.  At the time of the hearing, petitioner's request for a continuance of the WOR-only hearing had not been ruled on.

     In his habeas corpus petition, petitioner requests that the Court order an individualized bond hearing pursuant to 8 U.S.C. § 1226(a).  Docket No. 1 at 18.  Petitioner claims that he has been entitled to such a hearing since October 10, 2019, the date on which a USCIS asylum officer certified petitioner's reasonable fear of

2

torture claim. *Id.* at 2; Exh. 1 at 2, ¶¶ 10-11.

## II. LEGAL STANDARD

To succeed on a motion for a preliminary injunction, the moving party must show (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in the movant's favor; and (4) the injunction is in the public interest. *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010); *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 US. 7, 20 (2008)). "[B]ecause a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Beltronics USA, Inc. v. Midwest Inventory Distrib., LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009) (quotations and citation omitted). Granting such "drastic relief," *United States ex rel. Citizen Band Potawatomi Indian Tribe v. Enter. Mgmt. Consultants, Inc.,* 883 F.2d 886, 888-89 (10th Cir. 1989), is the "exception rather than the rule." *GTE Corp. v. Williams*, 731 F.2d 676, 678 (10th Cir. 1984).

There are three types of preliminary injunctions that are disfavored: (1) injunctions that disturb the status quo, (2) injunctions that are mandatory rather than prohibitory, and (3) injunctions that provide the movant substantially all the relief it could feasibly attain after a full trial on the merits. *See Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1260 (10th Cir. 2005). In seeking a disfavored injunction, "the movant must make a strong showing both with regard to the likelihood of success on the merits and with regard to the balance of harms." *Fish v. Kobach*, 840 F.3d 710, 724 (10th Cir. 2016) (quotations and alterations omitted); *see also Schrier*, 427 F.3d at 1259 (stating

3

that such injunctions "must be more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course" (quotations omitted)). Petitioner seeks the same relief through his motion for preliminary injunction as he does through the resolution of his petition for writ of habeas corpus and, therefore, it falls under the heightened standard for preliminary injunctions. *See Schrier*, 427 F.3d at 1260. The parties agree that petitioner's claim is subject to the disfavored injunction standard. Docket No. 14 at 2 n.2.

### III. ANALYSIS

Petitioner's motion requires the Court to determine whether 8 U.S.C. § 1226 or 8 U.S.C. § 1231 governs petitioner's detention and whether he is entitled to an individualized bond hearing. *See Guzman Chavez v. Hott*, 940 F.3d 867, 873 (4th Cir. 2019). If § 1226 controls, then petitioner is entitled to such a hearing. *See* § 1226(a)(2). On the other hand, if § 1231 controls, petitioner has no right to a bond hearing and must await the results of the WOR-only hearing. *See* § 1231(a)(2). The resolution of this issue has created a split among the circuits. *Compare Guzman Chavez*, 940 F.3d at 882 (holding that § 1226 governs), *and Guerra v. Shanhan*, 831 F.3d 59 (2d Cir. 2016) (same), *with Guerrero-Sanchez v. Warden York Cty. Prison*, 905 F.3d 208 (3d Cir. 2018) (holding that § 1231 governs), *and Padilla-Ramirez v. Bible*, 882 F.3d 826 (9th Cir. 2017) (same).

Respondents contend that § 1231 governs petitioner's detention. That section states that, "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). The

4

ninety day "removal period" begins, as relevant to this dispute, on "[t]he date the order of removal becomes administratively final." *Id.*, § 1231(a)(1)(B)(i). Respondents argue that, because petitioner's reinstated removal order cannot be "reopened or reviewed," *id.*, § 1231(a)(5), petitioner has been "ordered removed" pursuant to § 1231(a)(1)(A). Docket No. 11 at 12. Thus, according to respondents, the reinstated removal order is administratively final and triggers the ninety day removal period under § 1231(a)(1)(B). *Id.* at 6. Respondents additionally argue that an alien may be detained beyond the ninety day removal period as long as "reasonably necessary to bring about that alien's removal from the United States." *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001).

Petitioner argues that § 1226 governs his detention. That section states that "an alien may be . . . detained pending a decision on whether the alien is to be removed from the United States." § 1226(a). As relevant here, an alien may be released on bond "pending a decision" on whether to remove the alien from the United States. *Id.*, § 1226(a)(2)(A). Petitioner argues that the decision on whether he is "to be removed" will not be made until the conclusion of his WOR-only hearing. Docket No. 2 at 7, ¶ 26. Therefore, petitioner contends, the decision is still "pending" and § 1231's removal period has not begun, making § 1226 the operative statute and entitling petitioner to an individualized bond hearing. *Id.*

The Court agrees with and adopts the reasoning of the Third Circuit in *Guerrero-Sanchez* on this issue. 905 F.3d at 215-19. The Court finds that § 1231 "is the more logical source of authority" because (1) a "removal order is unquestionably final when it is first entered" and (2) "the placement of § 1231(a)(5), which governs reinstated orders

5

of removal, within the post-removal provision itself evidences Congress's intent that § 1231(a)," not § 1226, "governs the detention of aliens with reinstated orders of removal, even when they pursue" WOR-only proceedings. *Id.* at 216.[1]

Because § 1231 governs petitioner's detention, he is not entitled to an individualized bond hearing.[2] The Court therefore denies petitioner's motion for injunctive relief [Docket No. 2] in its entirety and, because petitioner seeks the same relief in his habeas corpus petition, the Court also denies the petition [Docket No. 1].

## IV. CONCLUSION

For the foregoing reasons it is

**ORDERED** that petitioner's Motion for Temporary Restraining Order, Preliminary Injunction, and Order to Show Cause [Docket No. 2] is **DENIED**. It is further

**ORDERED** that the Petition for Writ of Habeas Corpus and Declaratory and

---

[1] In *Luna-Garcia v. Holder*, 777 F.3d 1182 (10th Cir. 2015), the Tenth Circuit stated that, "where an alien pursues reasonable fear proceedings following the reinstatement of a prior order of removal, the reinstated removal order is not final until the reasonable fear proceedings are complete." 777 F.3d at 1186. While this statement appears to be relevant, *see Reyes v. Lynch*, 15-cv-00442-MEH, 2015 WL 5081597, at *3 (D. Colo. Aug. 28, 2015), the issue in *Luna-Garcia* was the availability of judicial review for aliens to appeal their reasonable fear determination. *Luna-Garcia*, 777 F.3d at 1186. Specifically, *Luna-Garcia* involved "the point at which a reinstated removal order becomes final for the purposes of calculating the time to petition for review." *Id.* at 1185. If a reinstated removal order is considered final based on the date of the initial order, aliens going through WOR-only proceedings would have no ability to seek review of an immigration judge's decision. *Id.* at 1186. The availability of judicial review is not at issue here, and petitioner acknowledged at the preliminary injunction hearing that any statement in *Luna-Garcia* outside the context of judicial review is dicta.

[2] Petitioner requests that, given the Court's conclusion that § 1231 governs his detention, the Court should order "an individualized bond hearing if [petitioner] is still detained at the 180-day mark." Docket No. 14 at 13 n.8. However, petitioner only raised this argument in his reply. Given that the 180-day point has not occurred, the request is premature and is denied without prejudice.

6

Injunctive Relief [Docket No. 1] is **DENIED**. It is further

**ORDERED** that judgment shall enter for respondents and against petitioner on all claims. It is further

**ORDERED** that, within 14 days of the entry of judgment, respondent may have its costs by filing a bill of costs with the Clerk of the Court. It is further

**ORDERED** that this case is closed.

DATED January 24, 2020.

BY THE COURT:

  S/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge